ELLIS, Judge
This suit is the result of an intersectional collision which occurred at 1:00 p. m. on February 11, 1951 within the corporate limits of the Town of Kinder, Louisiana, on a clear day between a one and one-half ton Ford truck owned and operated by the plaintiff William Lawrence, and a G.M.C. truck and trailer owned by the defendant and at the time being operated by one of his employees in the scope of his employment.
The plaintiff William Lawrence was accompanied by his wife who is also a plaintiff and who is suing for alleged physical damages, pain and suffering.
Plaintiff was traveling east on paved U. S. Highway 190, which has a width of 18 feet, and defendant’s truck was being driven north on Eighth or Main Street in the Town of Kinder and which is also a part of paved Highway 190. The north-south highway and the east-west highway intersect at the point of collision. The east-west highway on which the plaintiff was traveling continues straight after the intersection but the north-south paved highway ends at the intersection and at that point, in order to remain on the pavement a person traveling in a northerly direction must make a left hand turn if he wishes *749 to go west on the highway, which the defendant in this occasion intended to do.
The plaintiff alleged that the collision was caused by the sole negligence of defendant’s truck driver in that he had come to a full stop at' the intersection after giving a stop signal with h¿s hand, and, therefore, plaintiff started to go into the intersection and when approximately 15 feet therefrom, the defendant’s driver suddenly, accelerated the speed of his truck and drove it into the intersection directly in front of plaintiff, creating an emergency, which resulted in the collision.
The defendant in his answer alleges that he had the right of way since he was approaching the sharp turn in U. S. Highway 190 at which the accident occurred to the right side of the plaintiff and that he pre•empted the turn and that plaintiff, having seen the defendant’s truck approaching the turn on Highway 190 in time to bring his truck under control, failed to do so which was the proximate cause of the accident. In the alternative, he plead contributory negligence on the part of the plaintiff Lawrence in bar of recovery.
The case was duly tried and the lower •court with written reasons held that the •collision was caused by the sole negligence ■of the plaintiff, William Lawrence, as the •defendant had pre-empted the turn and, therefore, dismissed the demands of plaintiffs at their cost.
It is from this judgment that the plaintiffs have appealed.
The usual questions are involved as to whether the driver of the defendant’s truck was guilty of negligence which was the proximate cause of the accident or whether the accident was caused by the joint negligence of the plaintiff, William Lawrence, and the defendant’s driver, or whether, as found by the trial judge, the defendant’s driver was free of any negligence.
The facts are very plain and simple, the main reason being that the entire testimony is composed of witnesses on behalf of plaintiff as to the actual facts surrounding the collision at the time it occurred. There is testimony as to the position of the vehicles after the collision which is easily explained by the other testimony in the case, but the driver of defendant’s truck was not produced as a witness although we understand it was through no fault of the defendant who made every effort to secure his presence and testimony. The fact remains, however, that the record is devoid of any testimony as to the actual collision other than that of witnesses for the plaintiff.
The facts proven by a preponderance of undisputed testimony are that on the day and at the time stated the plaintiff, Lawrence, was towing another truck and traveling east on Highway 190; that when he arrived within about 75 feet of the point at which traffic from the south wishing to travel west on U. S. Highway 190 would, of necessity, have to make a left hand turn, he observed the defendant’s truck traveling north prior to reaching the left hand turn on Highway 190. It is undisputed that tihe driver of defendant’s truck slowed the truck down as he came to the left hand turn, put his hand out and signaled for a stop and did come'to a stop momentarily, and then proceeded out- into the highway to make a left hand turn, at which time plaintiff was approximately 15 feet away.
It is shown that when the plaintiff first saw the defendant he slowed down his truck but when he saw the defendant’s driver reduce the speed of his truck, give a stop signal with his hand and actually come to a stop, the plaintiff then stepped on his accelerator and at the time he saw the defendant’s truck pull out in. front of him was traveling at a speed of approximately 15 miles an hour and was approximately fifteen feet away. Upon observing the defendant’s truck coming out in front of him, the plaintiff applied his brakes and swung sharply to his left, and the defendant’s driver, who had come out into the highway and had started pulling to the left, straightened his truck up and proceeded straight across the highway at this point, and the plaintiff struck the rear tractor wheel of the defendant’s truck, which is the wheel directly behind the cab of the truck. It is shown that the actual collision occurred at a point on the north edge of the 18 foot pavement of *750 Highway. 190 and 4 or 5 feet west of the center line of the highway.
As to where the collision occurred, it is immaterial in this case for the reason that the negligence of the defendant as a proximate cause of the accident had already occurred.
The trial court took full cognizance of the fact that the defendant’s truck came to a stop before entering the intersection, for in his written opinion he stated: “Defendant’s truck came to a stop before entering the intersection and it could not have been traveling at a fast rate of speed at the time of the collision. Plaintiff’s truck was traveling at about fifteen or twenty miles per hour as it approached the intersection and at the time of the collision.” Again in his written reasons, the trial court stated: “The evidence indicates that the major portion of the traffic at this intersection follows the route of U. S. Highway 190. At the time defendant’s truck came to a stop immediately before entering the intersection, plaintiff’s truck was some distance from it, approaching at a relatively slow rate of speed * * The district court further found that “Plaintiff was several feet west of the intersection when defendant’s truck entered it.” (Emphasis added.)
There can be no question but that the evidence proves and the district court so found that the defendant’s truck did stop at the intersection,' however, at this point the evidence does not show that the plaintiff was some distance, meaning a far distance, away. The only testimony on this point is that the plaintiff, when he was approximately 75 feet from the turn, observed the defendant’s truck and slowed down, but upon seeing the defendant’s driver signal for a stop, slow his truck down and come to a stop, it was then that he thought, as he had a right to, that the defendant’s driver was conceding the right-of-way to him, and he accelerated his truck in order to pass in front of defendant’s truck. In view of the fact that the evidence shows that defendant’s truck only momentarily came to a stop and that the plaintiff testified that he was only fifteen feet or “several” feet west of the intersection, as found by the trial court, at this time, he could not have been any appreciable distance when defendant’s truck came to a stop.
Under these facts the district court came to the conclusion that the defendant’s truck had pre-empted th» turn and that as plaintiff was going at such a slow speed he was obliged to “slow down, stop, or in some other manner yield the right-of-way to defendant’s truck, and his failure to do so constituted negligence on his part which was the proximate cause of the accident.”
The lower court did not consider the question of the defendant’s driver having created an emergency, nor the fact that the defendant’s driver intended to make a left hand turn in the face of approaching traffic without the proper signal and without the proper observance of approaching traffic which would clearly have made the defendant’s driver aware of the fact that he could not safely make a left hand turn with the plaintiff approaching at the time at a distance of slightly more than fifteen feet.
The fact that defendant’s truck traveled a distance of at least 30 or 35 feet from the time it entered the intersection to the time of the impact is immaterial and is easily explainable, for the undisputed facts are that the plaintiff swerved sharply to his left when confronted with an emergency in order to avoid the collision if possible and, naturally, this delayed the impact and gave the defendant’s truck time to travel 30 or 35 feet rather than 15 feet which would have been the approximate distance he would have traveled at the most had not the plaintiff done all in his power to avoid the collision.
Under the facts in this case the plaintiff had every right to act upon the fact that the defendant’s truck was yielding the right-of-way which he might have thought he had in inviting the plaintiff to proceed when the defendant’s driver apparently changed his mind at a time when the plaintiff had already acted upon the defendant driver’s action. Then when the defendant’s driver, in the face of his previous apparent invitation for the plaintiff to proceed, drove out into the intersection *751 in the face of the .plaintiff, he and he alone created an emergency and he and he alone is solely responsible for this collision.
The fact that the plaintiff was towing another truck is immaterial as it did not contribute in any way to the collision in this case, and the fact that the truck being towed by a very weak chain broke the chain when the plaintiff turned sharply to his.left and was able to pass to the rear of the defendant’s truck-trailer is also immaterial. There would not have been the slightest chance, from the testimony in this case, for the plaintiff, who was only IS feet at most or “several” feet from the west line o-f the intersection, to have passed to the rear of the truck-trailer of the defendant. The only way this collision could possibly have been averted after the defendant’s driver created the emergency would have been for him to swerve sharply to the right and to have gone east on Highway 190 instead of north, but there was no way for the plaintiff to have avoided the collision under the facts and circumstances in this case. His actions upon ■being faced with an emergency created by defendant’s truck were reasonable. The sole and proximate cause of this collision was the negligence of the driver of defendant’s truck in creating an emergency and also in attempting to make a left hand turn in violation of the law.
As to plaintiff William Lawrence’s damages, it is proven that the damages to the truck were $131.35, and the hospital, medical and doctor bills amounted to $176.20. We do not believe that the other item of damages claimed by the plaintiff Lawrence was sufficiently proven and are, therefore, of the opinion that there should be a judgment in his favor in the amount of $307.55 with legal interest thereon from judicial demand until paid.
As to the damages claimed by plaintiff’s wife, Mrs. Maudie Lawrence, the record shows that she sustained contusions, mainly of.the chest, with no broken ribs or bones, and stayed in the hospital approximately ten days. While there is some testimony that she was unable to do her work for several months, the testimony of the doctor was that the contusions were not of a serious nature and that it was necessary to hospitalize her for observation and X-rays. After she was released his records do not show that she continued to return to him for treatment. Ht testified that the injuries she received were sufficient to cause considerable discomfort and pain at the time but that he did not think “it would be an affair of any long duration.” While the doctor stated that it was possible that Mrs. Lawrence might have been disabled for two months, his testimony clearly indicates • that he did not believe that it was probable, however, she did suffer pain and discomfort and did remain in the hospital for ten days. Under the facts we believe that an award of $500 in her favor would be sufficient.
It is therefore ordered that the judgment of the district court be reversed and that there 'be judgment in favor of the plaintiff William Lawrence and against the defendant Robert L. Handley in the full sum of $307.55 with legal interest from judicial demand until paid.
It is further ordered that there be judgment in favor of Mrs. Maudie Lawrence and against the defendant Robert L. Hand-ley in the full sum of $500 with legal interest from judicial demand until paid.
It is further ordered that the defendant pay all costs.